■ GREG HOVSEPIAN, Appellant, v DEBORAH KLEINMAN-CINDRICH, Respondent. [657 NYS2d 991] —In an action to recover damages for chiropractic malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Ain, J.), entered April 1, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered July 2, 1996, which is in favor of the defendant and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order entered April 1, 1996, is vacated, and the defendant's motion for summary judgment is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for injuries he purportedly suffered as a result of allegedly improper treatments he received from chiropractors other than the defendant at the defendant's office. Contrary to the determination of the Supreme Court, we find that the evidence submitted by the plaintiff sufficed to raise a triable issue of fact as to whether the defendant could be held vicariously liable for the alleged malpractice of the other chiropractors pursuant to principles of apparent agency (see, Hill v St. Clare's Hosp., 67 NY2d 72). Accordingly, the defendant's motion for summary judgment must be denied. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.